**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**WILLIAM FORTNER,**

      **Petitioner,**                      **CASE NO. 2:09-cv-977**
                                              **JUDGE GRAHAM**
**v.**                                    **MAGISTRATE JUDGE KEMP**

**WARDEN, MANSFIELD CORRECTIONAL**
**INSTITUTION,**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's Return of Writ, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## I. PROCEDURAL HISTORY AND FACTS

The procedural history of this case is summarized as follows. In 2006, petitioner was indicted by a Franklin County Grand Jury on multiple counts of aggravated robbery, robbery, kidnaping, and failing to comply with an order or signal of a police officer. All of the counts contained a firearm specification. On November 20, 2007, petitioner pleaded guilty to six counts of aggravated robbery with firearm specifications, one count of kidnaping with a firearm specification, and one count of failure to comply with an order or signal of a police officer. Following a sentencing hearing held on February 11, 2008, he was given a twenty-year cumulative sentence, arrived at by running two of the eight-year sentences handed down on the aggravated robbery counts consecutively to each other, and

also running a three-year sentence for kidnaping and a one-year sentence for failure to comply consecutively with those sentences. *Return of Writ, Exhibits 1-4.*

On March 7, 2008, petitioner filed an appeal to the Franklin County Court of Appeals. He raised two issues on appeal: that the trial court erred in imposing consecutive sentences on the aggravated robbery counts because they involved the same victim and the conduct took place during a single, continuous transaction; and that the court did not conduct the proportionality analysis required by Ohio Revised Code §2929.11(B) or consider the sentencing factors set forth in Ohio Revised Code §2929.12. *Return of Writ, Exhibits 5 and 6.*

In an opinion dated September 30, 2008, the Franklin County Court of Appeals affirmed the sentence. *State v. Fortner*, 2008 WL 4416533 (2008). It described the background of the case this way:

> The charges arose out of appellant's involvement in an armed robbery at J & E Electronics in Whitehall, Ohio. Appellant and a co-defendant entered the store armed with guns and ordered a number of people on the ground. The two men duct-taped those people and took property from some of them. They also ordered one of the store's employees to open the store's cash register. After one of the victims escaped, appellant and his co-defendant left the store and led the police on a high-speed chase until they were ultimately caught and arrested.

*State v. Fortner*, 2008 WL 4416533, *1. The court of appeals held that the first assignment of error was waived due to petitioner's guilty plea and the second was without merit because "the trial court's judgment entry states that the court considered the purposes and principles of sentencing set forth in R.C. §2929.11, as well as the factors set forth in R.C.

§2929.12. " *Id*. at *3. Petitioner timely sought review in the Ohio Supreme Court, raising

a single issue, namely that he did not waive his objection to the imposition of consecutive

sentences by virtue of his guilty plea. *Return of Writ, Exhibit 12.* On March 4, 2009, the Ohio

Supreme Court denied review. *State v. Fortner*, 121 Ohio St. 3d 1408 (2009).

On September 9, 2009, petitioner filed the instant petition for a writ of habeas corpus

pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in

violation of the Constitution of the United States based upon the following grounds raised

on the face of the petition, and reprinted *verbatim*:

> 1. MULTIPLE OFFENSES OF SIMILAR IMPORT: Appellant was clearly charged and specifically pled to charges of Multiple counts of Aggravated Robbery against only ONE named victim in indictment (J & E Electronics) and thereby exclusively qualifies under Plea Agreement bindingness aspects of knowing voluntarily and willfully and all other related and firmly established sentencing laws and statute of the State of Ohio as Similar Import Offenses that MUST be sentenced explicitly according to One Sentence.

> 2. Ineffective Assistance of Appellate Counsel: Appellate Counsel failed to accurately present such 'Dead Bang Winner' issue that was diluted and clouded by mumble jumble rhetoric that held absolutely no material value to Appellant's Assignment of Error of Magnaminity. Appellate Counsel clearly lost his way in presenting the Cornerstone issue on Appeal and prejudiced Appellant substantially in that the Court of Appeals XXXXXXXXX misinterpreted the issue, but XXXXXXX rendered their decision wholly based upon Appellate Counsel;s faulty and defective presentation of the issue.

> 3. Manifest weight of Evidence: Trial Court failed to conduct a mandatory proportiojnality analysis prior to sentencing Appellant. Appellant presents that he is a First-Time Offender and does not qualify for a maximum sentence nor consecutive maximum sentences. And, that the manifest Weight of the Evidences presented at Appellant's sentencing Hearing clearly were substantially weighty to all and any judiciary findings of non-maximum and non-consecutive sentences comparatively to ther offenders of

like status.

4. Manifest Injustice: Appellant herein presents the breach of his plea agreement when the Court sentenced Appellant beyond the agreed to elements that precipitated and modulated Appellant initiating his obliged responsibilities of said agreement. Plea (entire) Agreement is binding upon Court when accepting any aspect of said agreement before and without any opportunity for either party to renegotiate and thereby re-enter into the amended agreeemnt. All binding contracts to are established on the premise that all parties agree and that all elements of agreement are legal. For the Court XXXX reject the stipulated aspect of the agreement to the deferrence of Appellant and without his willful engagement therto is a Manifest Injustice.

Additionally, he appears to be raising, as his fifth and sixth claims, due process and equal protection claims, both of which are also directed to his sentence. *See Petition.* Petitioner subsequently requested, and was granted leave, to dismiss the ineffective assistance of appellate counsel claim because he has raised it in a Rule 26(B) application in state court. *See* Docs. 12 & 13.

It is the position of the respondent that all of petitioner's claims have been procedurally defaulted. Alternatively, respondent argues that claim one does not present an issue cognizable in federal habeas corpus and that it lacks merit, and that many of his other claims are not cognizable because they raise only issues of state law.

## II. CLAIM ONE

In order to exhaust available state remedies, a petitioner must first fairly present the substance of his federal habeas corpus claims to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982). "The state courts must be provided with a fair opportunity to apply

controlling legal principles to the facts bearing upon petitioner's constitutional claims."

*Sampson v. Love*, 782 F.2d 53, 55 (6th Cir.1986). A petitioner does not fairly present his claim

simply because the necessary facts supporting a federal constitutional claim are present

or because the constitutional claim appears to be self-evident. *Haggins v. Warden*, 715 F.2d

1050, 1054 (6th Cir.1983)(citing *Harless*, 459 U.S. at 6, 103 S.Ct. 276). "A petitioner 'fairly

presents' his claim to the state courts by citing a provision of the Constitution, federal

decisions employing Constitutional analysis, or state decisions employing Constitutional

analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir.1993)(citing

*Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir.1987)). Courts normally require more than a

single broad generalization that petitioner was denied a "fair trial" or "due process of law."

*Franklin*, 811 F.2d at 326; *Petrucelli v. Coombe*, 735 F.2d 684, 688 (2nd Cir.1984). Petitioner,

however, need not "cite book and verse on the federal constitution." *Picard*, 404 U.S. at 277,

92 S.Ct. 509 (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir.1960)). The Sixth

Circuit has strictly followed the requirement that petitioner fairly present his federal

constitutional claims to the state courts as a precondition to federal habeas review. *Weaver*

*v. Foltz*, 888 F.2d 1097, 1098 (6th Cir.1989).

Claim one was presented to the Franklin County Court of Appeals as a state law

claim. Petitioner argued in his appellate brief that Ohio law, specifically Ohio Revised

Code §2941.25, precludes multiple sentences on allied offenses of similar import. The

argument was based on interpreting the indictment to allege multiple theft offenses against

the same victim, J & E Electronics, at the same time (even though there were multiple

victims robbed during the course of the J & E robbery). Although the appellate brief cited

the federal due process clause as part of this argument, petitioner did not argue that a due

process violation occurred. Rather, that argument was made to support the general

proposition that an indictment must give a defendant fair notice of the charges against him

and therefore should be construed strictly against the state. No argument was made that

the double jeopardy clause of the United States Constitution was violated by the sentence

imposed. Further, the petition filed in this case does not raise that argument, although

respondent, in the return, has chosen to address the merits of the double jeopardy issue.

The state courts never reached the merits of petitioner's statutory claim, holding that his

guilty plea waived any argument about the proper interpretation of the indictment.

In *Palmer v. Haviland*, 2006 WL 1308219 (S.D. Ohio May 11, 2006), *aff'd* 273 Fed.

Appx. 480 (6th Cir. April 9, 2008), this Court addressed the issue of whether, by raising only

a claim that multiple sentences were imposed in violation of Ohio statutory law, a

petitioner had nonetheless put the state courts on notice that there was a federal

constitutional dimension to his claim. In that particular case, the petitioner relied heavily

on the Ohio Supreme Court's decision in *State v. Rance*, 85 Ohio St. 3d 632 (1999), a decision

that analyzed Ohio Revised Code §2941.25 in light of the federal double jeopardy clause

and the decision in *Blockburger v. United States*, 284 U.S. 299 (1932). The Ohio courts in that

case, in discussing *Rance*, applied federal constitutional principles. The *Palmer* court

therefore concluded that petitioner had fairly presented his federal constitutional claim to

the Ohio state courts and that he could assert such a claim in his federal habeas corpus

case.  *Palmer* has been consistently followed by this Court.  *See, e.g., Church v. Wolfe*, 2007 WL 2446707 (S.D. Ohio August 23, 2007).  Consequently, although the facts of this case are somewhat different than *Palmer*, the Court chooses not to dismiss claim one simply on the ground that petitioner did not fairly present any potential federal double jeopardy claim to the state courts.  Thus, unless this claim was procedurally defaulted, the Court may reach the merits of the question of whether the federal double jeopardy clause was violated by the imposition of consecutive sentences on two of the counts of aggravated robbery to which petitioner pleaded guilty.

Respondent asserts that this claim was procedurally defaulted because it was, in reality, not a challenge to the imposition of multiple sentences for the same offense but a challenge to the indictment.  Further, respondent contends that the claim was abandoned by petitioner's counsel during oral argument before the Franklin County Court of Appeals.  However, that court found the claim waived for a different reason - that the guilty plea constituted a waiver of this claim (which the court construed to be a challenge to the indictment).  Respondent has not argued that the procedural default occurred in this way.  Further, this Court is not persuaded that the issue which petitioner raised in the state courts was a challenge to the indictment itself.  Rather, it was a claim that, based on the indictment as returned, all of the aggravated robbery counts charged offenses of similar import because they each identified J & E Electronics as the victim, and that once he pleaded guilty to the indictment, all of those counts should have been merged for sentencing purposes.  Thus, the claim goes not to the sufficiency of the indictment, but its

interpretation by the trial court.  Consequently, the Court will address the merits of claim

one, to the extent that it can be construed as raising a challenge to the sentence as violating

the double jeopardy clause of the United States Constitution.  Because the state courts

never reached the merits of this claim, this Court's review of the issue is *de novo*.

> [W]here the state court has altogether failed to review a particular claim, such is reviewed de novo. As the Sixth Circuit has indicated, where the state court clearly did not address the merits of a claim, "there are simply no results, let alone reasoning, to which [the] court can defer." *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir.2003). In such circumstances, the court conducts a *de novo* review. *Id.; see also Wiggins v. Smith*, 539 U.S. 510, 533-35, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir.2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

*Wood v. McKee,* 2010 WL 161434 *3 (W.D. Michigan January 8, 2010).

The six aggravated robbery counts to which petitioner pleaded guilty were counts

one through three and five through seven of the indictment.  He was given consecutive

sentences on counts one and two.  Counts one and two both charged petitioner and his co-

defendant with committing an aggravated robbery "in respect to J & E Electronics."

However, count one alleges that the weapon involved was used or possessed in order to

inflict or attempt to inflict serious physical harm to Nakia Cherry.  Count two alleges that

the person to whom serious physical harm was threatened was Spencer Rice.  *Return of*

*Writ, Exhibit One.*  Despite the differences in these two counts, petitioner argued in the state

courts that both counts alleged that the victim of the theft offense was J & E Electronics, and

that the reference to the individuals in these counts (all of whom were also robbed

individually) was no more than a description of alternative ways in which the theft offense against J & E occurred.

*Blockburger* sets forth a relatively simple test for determining whether crimes merge for double jeopardy purposes: "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304. If the same facts, and only those facts, must be proved in order to get a conviction under separate statutes, the double jeopardy clause prohibits multiple punishments for those offenses. However, that rule has been interpreted to mean only that there is a presumption against legislative intent to apply multiple punishments to what is essentially the same offense, and that where the legislature overcomes that presumption by clearly expressing its intent that multiple punishments be imposed, the double jeopardy clause is not implicated. *See, e.g., White v. Howes*, 586 F.3d 1025 (6th Cir. 2009), *citing, inter alia, Missouri v. Hunter*, 459 U.S. 359 (1989).

Here, the intent of the Ohio legislature, as it relates to multiple punishments for a single offense, has been expressed in O.R.C. §2941.25(A), which provides that "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one," and O.R.C. §2941.25(B), which provides that "[w]here the defendant's conduct constitutes two or more offenses of dissimilar import, or

9

where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." As interpreted by the Ohio Supreme Court in *State v. Cabrales*, 118 Ohio St. 3d 54 (2008), this statute does not require a strict textual comparison of the criminal offenses at issue and does not require that the elements of the offenses align exactly. Rather, if it appears from comparing the elements of the crimes in the abstract, and without reference to the evidence in any individual case, that one cannot be committed without necessarily committing the other, they are allied offenses of similar import. *Id.* at 61.

This case involves the application of §2945.21(B), which expresses the Ohio legislature's intent to authorize separate punishments for crimes which are violations of the same criminal statute but which are committed either separately or with a separate animus. The general rule with respect to aggravated robberies of different victims is clear. "Where a defendant commits the same offense against different victims during the same course of conduct, a separate animus exists for each offense." *State v. Payne*, 2003 WL 22128810, *19 (Franklin Co. App. September 16, 2003), *citing State v. Byrd*, 32 Ohio St. 3d 79 (1987). Thus, if the Court were to address only the statutory issue - which, of course, cannot form the basis for federal habeas corpus relief - it would need to analyze the indictment to see if it charged petitioner with aggravated robberies of the same victim or different victims.

The Court may not resolve the state law statutory issue which was raised, because

a federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v.. Sowders*, 848 F.2d 735, 738 (6th Cir.1988). Regarding the alleged violation of the Double Jeopardy Clause, this case does not actually involve a *Blockburger* issue because "[t]he *Blockburger* test is a tool for determining whether Congress intended to separately punish violations of *distinct* statutory provisions, and thus does not apply where a *single* statutory provision was violated." *United States v. Rigas*, 584 F.3d 594, 605 (3d Cir. 2009). The federal constitutional issue then becomes whether only a single crime was committed (or whether, by pleading guilty to counts one and two, petitioner pleaded guilty to only a single crime), because the double jeopardy clause prohibits multiple prosecutions and convictions for the commission of a single crime. *See, e.g., Ohio v. Johnson*, 467 U.S. 493, 500 (1984) ("the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense ..."). Petitioner's arguments (which were made under state law) all focused on whether the indictment, on its face, charged one crime or several crimes. By contrast, respondent's arguments in this Court focus on whether the facts of the case, as presented at the guilty plea proceeding (*Return of Writ, Exhibit 18*), show the commission of the same crime or multiple crimes. Those facts show clearly that Mr. Cherry, whose name appears in count one, was robbed separately from the robbery of J & E Electronics. Judged by the factual statement, there were aggravated robberies of multiple victims, which are clearly separate crimes both for purposes of §2941.25 and the double jeopardy clause, so if the Court may simply rely on the facts as articulated at the guilty plea proceeding, the

11

constitutional issue is easily resolved.

When a case goes to trial, the Ohio courts do appear to decide the statutory question based on the evidence presented. *See, e.g., State v. Elmore*, 111 Ohio St. 3d 515, 524 (2006), where the court stated that, in order to answer the question of whether defendant had been convicted of allied offenses of similar import the defendant's "conduct must be reviewed to determine whether the offenses were committed separately or with a separate animus as to each." In the case of a guilty plea, if, again, an abstract comparison of the elements of the offenses does not yield a definitive answer, the trial court must usually hold some type of hearing to determine if the crimes were committed with a separate animus. *See, e.g., State v. Latson,* 133 Ohio App. 3d 475 (Cuyahoga Co. 1999); *see also State v. Denham*, 2002 WL 1769798 (Montgomery Co. App. August 2, 2002). Thus, it does not appear that Ohio courts are adverse to reviewing the evidence concerning the way in which the crimes were actually committed in order to decide if the defendant has been convicted of, or has pleaded guilty to, the commission of more than one crime. The evidence presented at petitioner's guilty plea proceeding clearly shows that counts one and two involved robberies of separate people, thus satisfying the *Payne* test. He never requested a more formal hearing on the issue. Thus, based on the same record, this Court concludes that, in fact, the consecutive sentences imposed on counts one and two were for separate criminal offenses.

Focusing on the indictment, as returned in this case, does not require a different result. Both counts one and two charged petitioner with a violation of Ohio Rev. Code

§2911.01(A). That statute reads as follows:

> No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
>
> (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;
>
> (2) Have a dangerous ordnance on or about the offender's person or under the offender's control;
>
> (3) Inflict, or attempt to inflict, serious physical harm on another.

Contrary to petitioner's assertion, the indictment does not plainly identify J & E Electronics as the "victim" in each count. Rather, it simply states that the theft offense being charged was "in respect to J & E Electronics." Further, there is no federal constitutional requirement that a state prosecute felony offenses by way of indictment. *Watson v. Jago*, 558 F.2d 330 (6th Cir. 1977). It is true that the failure to indict, or the amendment of an indictment without fair notice, can implicate the due process clause of the Fourteenth Amendment, *see Watson*, 558 F.2d at 339, but the Court sees no due process violation here. Even if the indictment inartfully specified that the separate aggravated robbery counts related to separate victims, petitioner was on notice prior to and during his guilty plea and sentencing proceedings that the State, and the state court, considered these counts to relate to the separate victims. The factual statement at the guilty plea proceeding described robberies of separate victims. Many of the victims, and not just representatives of J & E Electronics, gave statements at the sentencing hearing. In particular, Mr. Rice, the

individual mentioned in count two, gave a victim statement at sentencing. Consequently, the Court concludes that its double jeopardy analysis is not confined to the face of the indictment, and that even if it were, the indictment as worded does not absolutely preclude the imposition of separate sentences on counts one and two. Thus, the double jeopardy claim concerning these two counts lacks merit.

Although the petition and supporting memorandum appears to challenge the imposition of consecutive eight-year terms, both of which were imposed on counts of aggravated robbery, it also raises an issue about whether aggravated robbery and kidnaping are allied offenses of similar import. Petitioner was given a three-year consecutive sentence on the one kidnaping count to which he pleaded guilty, count 25, which charged him with kidnaping Lexton De-Leon. Lexton De-Leon was not one of the robbery victims named in any of the aggravated robbery counts to which petitioner pleaded guilty. Although, under Ohio law, aggravated robbery and kidnaping are allied offenses of similar import, *see State v. Winn,* 173 Ohio App. 3d 202, 209 (Montgomery Co. 2007), *aff'd* 121 Ohio St. 3d 413 (2009), that is only the starting point of the inquiry. As with the aggravated robbery offenses discussed above, those crimes can be committed separately or with a separate animus. If the same victim is involved in both, the inquiry is whether the restraint that supports the kidnaping charge is "merely incidental" to the robbery. *Id.* at 209-10. However, in this case, all of the aggravated robbery counts, however they are construed, pertain to a victim or victims other than Lexton De-Leon. His restraint was not merely incidental to the robbery of the other victims. Each could have

been robbed without that restraint.  The Court has little difficulty in concluding that his

kidnaping and the aggravated robbery counts to which the sentence on the kidnaping

count was run consecutively were not a single crime for double jeopardy purposes.  Thus,

this additional prong of claim one also lacks merit.

### III.  CLAIMS THREE THROUGH SIX

Claims three through six were never presented, at least in their current format, to

the Ohio Supreme Court.  Claim three, the proportionality claim, was raised in the Franklin

County Court of Appeals but not included in the appeal filed to the Ohio Supreme Court.

Claim four is in some sense duplicative of claim one to the extent that it asserts that

petitioner agreed to plead guilty to only one aggravated robbery offense, with the victim

being J & E Electronics, because that is the only aggravated robbery offense charged in the

indictment, and that to give him consecutive sentences for a single crime is a violation of

the plea agreement.  Otherwise, neither claim four nor the due process and equal protection

claims were presented to the Ohio courts in any form.  Respondent argues that all of these

claims have been procedurally defaulted.  In the petition, petitioner appears to assert that

these issues were not raised due to ineffective assistance of appellate counsel.

A habeas corpus petitioner is required to give the state courts a full and fair

opportunity to rule on his federal constitutional claims.  Failing to take advantage of the

opportunity to have the state courts conduct a thorough review of those claims by failing

to follow the applicable state procedural rules, including the rules governing the timing of

appeals, is considered to be a "procedural default."  If, because of a procedural default, the

petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982);*Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir.1985).

Here, there are applicable state procedural rules which would bar petitioner from raising these claims in the Ohio courts. His failure to include claim three in his appeal to

the Ohio Supreme Court prevents him from now doing so. His failure to present his plea bargain claim, his due process claim, or his equal protection claim, all of which appear on the face of the record, to any Ohio court, and particularly to the Franklin County Court of Appeals on direct appeal, now precludes him from raising those claims. The Ohio courts have not been given the opportunity to enforce these procedural rules because of petitioner's default. Thus, the first two parts of the *Maupin* test have been satisfied.

Further, these procedural rules are regularly and consistently applied by the Ohio courts. Claims appearing on the face of the record must be raised on direct appeal, or they will be waived under Ohio's doctrine of *res judicata*. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). The Court of Appeals has acknowledged the sufficiency of these rules in the context of procedural default. *See, e.g.*, *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). Thus, the third prong of *Maupin* has been satisfied as well.

As cause for his procedural default, petitioner offers the ineffective assistance of his appellate counsel. However, "[i[neffective assistance of counsel may only serve as cause for a procedural default... if that claim itself has not been procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)." *Weese v. Hudson*, 2008 WL 1899972, *10 (N.D. Ohio April 28, 2008). At this point, petitioner has apparently filed an application to reopen his appeal on grounds of ineffective assistance of appellate counsel, which is what led to the dismissal of his second claim in this case. Thus, it remains to be seen whether this ground for avoiding procedural default has been itself procedurally defaulted. Nevertheless, in addition to showing cause for a procedural default, a petitioner must also show prejudice -

that is, that there is at least some arguable merit to the defaulted claims, so that had counsel raised them in the state courts, the results of the state court proceedings might have been different. Petitioner has failed to establish prejudice.

The Court sees no potential merit in any of these claims. As discussed in connection with claim one, for the reasons set forth above, this Court finds it unlikely that any state court would have concluded that petitioner was deprived of due process in the way he alleges. The same is true with respect to his plea agreement claim. The most that he can said to have bargained for when he entered into the agreement was the imposition of a lawful sentence on the counts to which he pleaded guilty, and the Court has concluded that he received exactly that. Further, his third claim for relief was presented to the state court of appeals, which found it to be meritless. There is little likelihood that, had it been presented to the Ohio Supreme Court, that court would have found for petitioner on this claim. In any event, it was presented to the state court and to this court as purely a state law claim, and whether it was procedurally defaulted or not, this Court cannot, as noted above, grant petitioner any relief on the basis of an alleged error of state law. Finally, claim six is, like petitioner's other claims, premised upon the argument that he received an unlawful sentence and that his equal protection rights were somehow violated for that reason. His claim does not set forth any viable equal protection theory and, in addition, the Court has concluded that his sentence was lawful. Thus, even were the Court to consider ineffective assistance of appellate counsel as cause for the procedural default of these claims, petitioner has not shown that he was prejudiced by counsel's alleged

18

omissions.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269. After review of the record, the Court does not deem this to be such a case. In particular, petitioner pleaded guilty to all of the offenses for which he was sentenced. In no sense can he be deemed to be "actually innocent" of those offenses for which he received consecutive sentences, even if there was a defect in the state proceedings which, at least in petitioner's view, prevented the trial court from sentencing him separately for all of those offenses. Consequently, the Court agrees with respondent that all of these claims have been procedurally defaulted.

## IV. RECOMMENDED DISPOSITION

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court

19

may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge